**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NATIONAL LABOR RELATIONS BOARD,

      Petitioner,

v.                                  Case No. 10-mc-50673

PAINT AMERICA SERVICES, INC., et al.,

      Respondents.

                                         /

**ORDER GRANTING PETITIONER'S MOTION TO REVOKE WRIT OF
GARNISHMENT WITHOUT PREJUDICE**

On June 10, 2010, Petitioner National Labor Relations Board (the "Board") registered the Sixth Circuit's entry of a default judgment of enforcement of the February 25, 2009 supplemental decision and order of the Board. On June 17, 2010, the Board requested an issuance of a post-judgment writ of garnishment against funds, wages, and property of Respondents.

Pending before the court is the Board's motion to revoke without prejudice the June 17, 2010 writ of garnishment. (Mot. at 1.) The reason for the request is "to allow the Board an opportunity to review its garnishment action in light of the Supreme Court's holding in *New Process Steel, L.P. v. N.L.R.B.*" (*Id.* at 2.) In *New Process Steel*, the Supreme Court held that, "following a delegation of the Board's powers to a three-member group," two members may not "continue to exercise that delegated authority once the group's (and the Board's) membership falls to two." *New Process Steel v. N.L.R.B.*, No. 08-1457, 2010 WL 2400089, at *3 (June 17, 2010). This decision came in wake of the two-member Board deciding approximately 600 cases during the 27-month period beginning on January 1, 2008. *Id.*

The court finds that Respondents will not be prejudiced by the Board's request and that the request has an adequate basis.[1]  Accordingly,

IT IS ORDERED that the Board's "Motion to Set Aside Writ of Garnishment Without Prejudice" [Dkt. # 5] is GRANTED.  The June 17, 2010 writ of garnishment is REVOKED WITHOUT PREJUDICE.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 1, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 1, 2010, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1]Based on the ex parte nature of the writ of garnishment, the immediacy of the relief requested, and the unlikelihood of opposition, the court will grant the motion before the time for filing a response has passed.  If Respondents contest the revocation, they may seek the appropriate relief in this court.